In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-560 CR


____________________



SEAN DERRICK ENGLISH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 16,850






MEMORANDUM OPINION (1)


 A jury found Sean Derrick English to be guilty of aggravated sexual assault and
indecency with a child. See Tex. Pen. Code Ann. § 22.021(a)(1)(A)(iii), (a)(2)(B)
(Vernon Supp. 2005); Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003). The jury
assessed punishment at thirty-five and twenty years of confinement in the Texas
Department of Criminal Justice, Correctional Institutions Division. Tex. Pen. Code Ann.
§ 12.32 (Vernon 2003); Tex. Pen. Code Ann. § 12.33 (Vernon 2003). The brief filed
by English's appellate counsel concludes this appeal presents no error which would
arguably support an appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On May
6, 2004, we granted an extension of time for English to file a pro se brief. English filed
a pro se brief that presents three issues. 

 English's first issue claims he is the victim of malicious prosecution. The argument
presented under this point is more accurately described as prosecutorial misconduct, as the
appellant does not so much complain that he was singled out for prosecution as he
complains that the prosecutor engaged in improper trial tactics. The specific complaints
raised by English -- that the prosecutor implied he fled to San Antonio to avoid arrest when
the appellant had told the officers that he was returning to San Antonio, that the prosecutor
pointed him out for a witness's benefit and asked other leading questions, and that the
prosecutor elicited answers that were contradicted by other testimony -- were not presented
to the trial court or were not pursued to an adverse ruling. Tex. R. App. P. 33.1; Tex. R.
Evid. 103(a)(1). The first issue has not been preserved for appellate review. 

 The second issue addresses what the appellant claims are inconsistent statements of
various witnesses. One of the alleged inconsistencies includes the location of the victim
when her younger sibling told their grandmother about their having engaged in sexual play. 
The grandmother testified that the victim was "present in the home" but not in the room
with them. The victim's stepmother testified the victim was "not in the room" but was in
the "back playing Nintendo." The testimony is not identical, but one witness did not
contradict the other. The grandmother testified "we called [the victim's] mother" but that
she did not personally speak with the mother, that it was her daughter who spoke to the
mother and then went to the mother's house with the victim's father. According to this
witness, the father and stepmother left the mother's home and went immediately to the
police station. The stepmother testified, "we tried to call [the mother] before we left, but
I wasn't able to get ahold of her." According to the mother, she and her husband went to
the police station before they went to the mother's home. This testimony is not identical,
but only one of the witnesses was relating acts that she had personally engaged in, and the
inconsistency in the order in which those particular events occurred is of no consequence
to the guilt or innocence of the accused. Likewise, testimony by two different people that
they personally called the police is not inconsistent, as more than one person could have
used a telephone. 

 Other argued inconsistencies concern details in the seven-year-old victim's
testimony about the offenses. English claims the child contradicted herself about how
many times she had been touched, but the testimony to which he refers concerns answers
to different questions. On direct examination, the prosecutor asked her how many times
a particular form of hand-to-genital contact occurred, while on cross-examination defense
counsel asked if all "the touchings" she had testified about took place in her bedroom. In
the course of her testimony on direct, the child related five separate instances of four
different forms of sexual contact, and an attempt at yet another form of sexual contact. 
In the context of the question asked in cross-examination, defense counsel was clearly
using the euphemism "touchings" to refer to all of the sexual contact by the accused, not
just the particular hand-to-genital contact that the child testified happened once. Likewise,
on cross-examination counsel asked the child if she had said that "it always took place in
your bedroom when you were on the top bunk?" then asked about the oral-genital contact. 
The victim testified that particular contact occurred "on my brother's old bed." In
describing that particular contact on direct examination, the child had said only that it
occurred in her bedroom, not that it occurred on her top bunk. The direct testimony about
the top bunk had referred to another instance of a different form of sexual contact. The
victim and her brother shared a bedroom, so a reference to an act occurring on her
brother's bed is consistent with an act occurring in her bedroom. 

 English also contends there are inconsistencies between the adults' testimony about
the contact and the child's, but he is comparing two different events. The adults were
relating the contents of the outcry, while the child referred to the events themselves. The
child communicated to the adults that the appellant had made actual contact with her
genitals; she testified to this fact as well. It is possible that the adults initially assumed the
child was referring to touching by hand rather than oral contact. English also claims the
child contradicted herself about whether her hand contacted his genitals, but placed in
context, the victim very clearly articulated the precise extent of the contact. English notes
the victim testified that her brother had gone grocery shopping with their mother when the
assault occurred, but on cross-examination testified that her brother was outside playing. 
That inconsistency in the testimony is not on a matter of any particular consequence. 

 In this case, the child testified that the appellant committed the acts alleged in the
indictment, and the appellant denied having committed those acts. The credibility of the
witnesses was for the jury to weigh. See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979). The evidence is legally and factually sufficient to support the conviction. 
See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 

 The remaining issue addresses ineffective assistance of counsel. The appellant
contends counsel failed to adequately investigate and present evidence on the appellant's
behalf. "Any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness." Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996)). Ineffective assistance of counsel was not raised and
presented in a motion for new trial; therefore, we do not have a record of a hearing in
which the attorney has been provided with an opportunity to explain his actions. Absent
such a record, we must presume that counsel's performance was not deficient. See Bone
v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Likewise, the appellant complains
there were instances when counsel could have had a "bolstering," a "badgering," an
"asked and answered" or a "leading" objection, but in the absence of a record in which
defense counsel explains his trial strategy and his reasons for not objecting to certain
testimony, we cannot conclude that counsel's performance was deficient. Id. The record
does not affirmatively demonstrate the alleged ineffectiveness required to sustain a claim
of ineffective assistance on direct appeal. Thompson, 9 S.W.3d at 813.

 Finally, the appellant complains that appellate counsel was deficient in failing to
investigate the case. We find no arguable error in our review of the clerk's record and the
reporter's record; therefore, we find it unnecessary to order appointment of new counsel
to re-brief the appeal. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991). The issues raised in the appellant's pro se brief are overruled. The judgment of
the trial court is affirmed.

 AFFIRMED.


 _______________________________

 STEVE MCKEITHEN

 Chief Justice

 

Submitted on January 26, 2005

Opinion Delivered February 2, 2005

Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Tex. R. App. P. 47.4.